```
 1  Mark E. Ellis – 127159l
    June D. Coleman -- 191l890
 2  ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP
    555 University Avenue, Suite 200 East
 3  Sacramento, CA  95825
    Tel: (916) 283-8820
 4  Fax:(916) 283-8821

 5  Attorneys for Defendant
    STEVEN A. BOOSKA
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| MARIA MORALES, | Case No.: C07 00254 CRB |
|---|---|
| Plaintiff, | |
| v. | DEFENDANT'S ANSWER |
| STEVEN A. BOOSKA, | JURY TRIAL DEMANDED |
| Defendant. | |

    Defendant STEVEN A. BOOSKA responds to the Complaint of Plaintiff MARIA MORALES as follows:

    1.    As to Paragraphs 1, 3, 4, and 5, Defendant denies that he violated the Fair Debt Collection Practices Act ("FDCPA"), but admits that the lawsuit seeks statutory damages and attorney fees and costs, and that the FDCPA regulates debt collectors.  Defendant also admits the allegations regarding venue.

    2.    As to Paragraph 2 of the Complaint, Defendant denies that declaratory relief is available in this action.  Defendant admits those remaining allegations of Paragraph 2 of the Complaint relating to jurisdiction.

    3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 6, 8, 12, 16-17, 19, and 21, and on that basis denies these averments.

4. As to Paragraphs 7, 9-11, and 20, defendant admits these averments.

5. Defendant denies the averments in Paragraphs 13-15, and 22-24.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matter constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint (and the cause of action alleged therein) fails to state facts sufficient to constitute a cause of action as to defendant.

### SECOND AFFIRMATIVE DEFENSE

7. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations, including but not limited to, **15 U.S.C. § 1692k(d)** (FDCPA).

### THIRD AFFIRMATIVE DEFENSE

8. Defendant is informed and believes and thereon alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

9. Defendant is informed and believes and thereon alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

10. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

11. Defendant alleges that all his actions were taken in good faith and with a reasonable belief that such actions were lawful.

### SEVENTH AFFIRMATIVE DEFENSE

12. Defendant is informed and believes and thereon alleges that plaintiff is not entitled to declaratory relief under the FDCPA.

### EIGHTH AFFIRMATIVE DEFENSE

13. Defendant is informed and believes and thereon alleges that it has no civil liability under the FDCPA, **15 U.S.C. § 1692,** *et seq.*, pursuant to **15 U.S.C. § 1692k(c)**, as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### NINTH AFFIRMATIVE DEFENSE

14. Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy.

### TENTH AFFIRMATIVE DEFENSE

15. Defendant alleges that the Plaintiff's claim fails because of the doctrine of claim preclusion, whereby Plaintiff could have raised this claim in the cross-complaint which she filed against other cross-defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

16. Defendant is informed and believes and thereon alleges that all alleged intentional acts or misrepresentations alleged in Plaintiff's Complaint, and the causes of action alleged therein, were consented to by the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

17. Defendant alleges that the amounts (including any interest, fee, charge, or expense incidental to the obligation) stated in the Complaint attached as an Exhibit to Plaintiff's Complaint were actually owed.

Defendant's Answer To Complaint

**THIRTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff is barred from recovery because the Complaint (and the causes of action alleged therein) is barred by the Doctrine of Unclean Hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the Doctrine of Waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

20. Defendant alleges that any actions taken by Defendant that were raised in Plaintiff's Complaint, and the causes of actions therein, were fair, not unconscionable, and effected by non-deceptive and lawful means.

**SIXTEENTH AFFIRMATIVE DEFENSE**

21. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its clients pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

22. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because each of Plaintiff's claims is subject to the litigation privilege arising under federal common law.

**EIGHTEENTH AFFIRAMTIVE DEFENSE**

23. Defendant alleges that Plaintiff's Complaint (and the cause of action alleged therein) is barred because each of Plaintiff's claims is subject to the interested person privilege arising under federal common law.

**NINETEENTH AFFIRMATIVE DEFENSE**

24. Defendant alleges that Plaintiff's Complaint (and the cause of action alleged therein) is barred because each of Plaintiff's claims is subject to the defense of release because plaintiff released her claims when she settled her cross-complaint in the underlying action which alleged the same violations alleged in the Complaint, and the settlement released any claims against the parties as well

as their assigns, etc.

## TWENTIETH AFFIRMATIVE DEFENSE

25. Defendant alleges that Plaintiff's Complaint (and the cause of action alleged therein) is barred because each of Plaintiff's claims is subject to the defense of accord and satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

26. Defendant alleges that Plaintiff's Complaint, and the cause of action alleged therein, is barred by the Knorr-Pennington doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

27. Defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, setoff, and abatement.

**WHEREFORE**, Defendant prays for:

1. That Plaintiff take nothing by way of this action;
2. That Plaintiff's Complaint be dismissed;
3. That Defendant be awarded reasonable attorneys' fees and costs incurred in defending this action; and
4. For such other and further relief as this Court deems just and proper.

Dated: March 20, 2007

MURPHY, PEARSON, BRADLEY & FEENEY

By /s June D. Coleman
June D. Coleman
Attorneys for Defendant
STEPHEN A. BOOSKA

Defendant's Answer To Complaint