1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

MARIA MORALES,

                    Plaintiff,

v.

STEVEN A. BOOSKA,

                  Defendant.

Case No.  C07-00254-CRB

**JOINT CASE MANAGEMENT
STATEMENT AND PROPOSED
ORDER**

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

1.      A brief description of the events underlying the action:

Plaintiff filed the herein Complaint to address alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").  The alleged violations stem from a collection lawsuit wherein Defendant attempted to collect a consumer debt from Plaintiff.  The Complaint from the collection lawsuit has been attached to the Complaint in this matter as an exhibit.

Generally, Plaintiff incurred a consumer debt which was allegedly consigned, placed or otherwise transferred to LHR, Inc., for collection from the Plaintiff.  Defendant filed a lawsuit against Plaintiff in an attempt to collect said consumer debt.  Plaintiff contends that the Defendant's collection efforts in the state court violated various provisions of the Fair Debt Collection Practices

-1-

1   Act, 15 U.S.C. § 1692-1692o.

2   Defendant's Position:

3       Ms. Morales and her attorney Mr. Schwinn raised these same allegations in a cross-complaint

4   to the underlying collection lawsuit.  In the underlying collection lawsuit and the associated

5   cross-complaint, the parties negotiated a settlement and dismissed their respective complaints with

6   prejudice.  The parties to that settlement agreement were Mr. Booska's client, Ms. Morales's

7   creditor and Ms. Morales.  The settlement agreement contained the following release language:

8           Plaintiff [Morales's creditor and Mr. Booska's client] and Defendant [Morales], on
            behalf of themselves as well as her and their heirs, successors and assigns, hereby
9           agree to fully release and forever discharge and covenant not to sue the other and not
            hold them liable from any and all claims, demands or causes of action which either
10          party has against the other arising out of the Account or Lawsuit, including, but not
            limited to, any claims arising out of, based upon, or relating in any way to any
11          alleged act, omission, or dispute asserted in the claim or that could have been
            asserted in the claim and/or any other claim made under federal or state statutory or
12          common law.

13      This release would include all persons in privity with Morales's creditor/Booska's client.

14  Mr. Booska is such a party.

15      Moreover, these claims are barred by the doctrine of claim preclusion.  The doctrine of claim

16  preclusion bars identical causes of action involved in duplicative suits, "so that a judgment in the

17  first action would be res judicata on the claim in the present lawsuit."  Bush v. Superior Court

18  (Rains) (1992) 10 Cal.App.4th 1374, 1384.  To show claim preclusion, the facts alleged in both

19  complaints are compared.  "To be the same 'cause of action,' each complaint must allege invasion

20  of the same 'primary right.'"  Id. at 387 (emphasis in original).

21      Often called the doctrine of duplicative litigation, the doctrine bars "all grounds for recovery

22  which could have been asserted, whether they were or not, in a prior suit between the same parties

23  ... on the same cause of action, if the prior suit concluded in a final judgment on the merits."

24  International Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare & Training

25  Trust Funds v. Karr (9th Cir. 1993) 994 F.2d 1426, 1429 (alteration in original) (quoting Ross v.

26  International Bhd. of Elec. Workers (9th Cir. 1980) 634 F.2d 453, 457); see also Mpoyo v. Litton

27  Electro-Optical Sys. 430 F.3d 985, 987 (9th Cir. 2005); Goins v. JBC & Associates (D. Conn 2005)

28  352 F.Supp.2d 262, 266.

1   Here, the very claims Ms. Morales asserts against Mr. Booska were also asserted in her

2   cross-complaint in the underlying collection lawsuit.   Both the instant lawsuit and her

3   cross-complaint were premised on the alleged wrongful filing of the underlying collection lawsuit.

4   The rights and obligations outlined in the settlement agreement would be destroyed and made

5   illusory if this second suit is allowed to proceed forward.  As outlined above, all assigns of either

6   party were specifically included in the mutual release of the parties.  We believe that release

7   specifically includes Mr. Booska in the settlement agreement.

8   Nor does the fact that the case was dismissed with prejudice after settlement defeat a claims

9   preclusion defense.  The fact that the cross-complaint did not have a final adjudication on the merits

10  does not create a hurdle to dismissal of the case based on claim preclusion.  In the case of In re

11  Vernon, the Court held that the dismissal with prejudice of the first case, pursuant to settlement of

12  the parties, constituted final judgment for purposes of applying claim preclusion.  In re Vernon (E.D.

13  Cal. 2006) 2006 WL 2843626, *5.  "[I]t is well established that a dismissal with prejudice

14  constitutes final judgment… ."  Id. at 6.

15  Based on the foregoing arguments, Mr. Booska believes that Ms. Morales's complaint, which

16  seeks to recover a second time in addition to the settlement, is frivolous.

17      2.      The principal factual issues which the parties dispute:

18  The parties agree that Defendant is a debt collector.  The Defendant agrees that he filed and

19  signed the collection Complaint attached to the Complaint in this matter as Exhibit "1."

20  The parties disagree about the remaining factual issues in this case.

21      3.      The principal legal issue which the parties dispute:

22          a.      Whether Plaintiff is a "consumer" within the meaning of 15 U.S.C. §

23              1692a(3);

24          b.      Whether the financial obligation owed to Beneficial California, Inc., by the

25              Plaintiff is a "debt" within the meaning of 15 U.S.C. 1692a(5);

26          c.      Whether Defendant misrepresented the character, amount or legal status of

27              the debt, in violation of 15 U.S.C. § 1692e(2)(A);

28          d.      Whether Defendant filed a lawsuit in an attempt to collect a debt that was

-3-

1   barred by the applicable statute of limitations, in violation of 15 U.S.C. §§

2   1692e, 1692e(10) and 1692f;

3   e.   Whether plaintiff's claims have been released in the settlement of the

4   underlying collection lawsuit and plaintiff's cross-complaint;

5   f.   Whether plaintiff's claims are barred based on claims preclusion in that she

6   had an opportunity to litigate this very claim in the underlying

7   cross-complaint, and chose rather to settle for a dismissal with prejudice; and

8   g.   Whether plaintiff can recover twice for the same injury, once in settlement

9   of the underlying cross-complaint, and the second begin the instant lawsuit.

10   4.   The other factual issues *[e.g. services of process, personal jurisdiction, subject matter*

11   *jurisdiction venue]* which remain unresolved for the reason stated below the parties propose to

12   resolve those issues:

13   The parties believe the factual issues above, and any others that may be revealed in

14   discovery, may be resolved through the discovery process.

15   5.   The parties which have not been served and the reasons:

16   None known at this time.

17   6.   The additional parties which the below-specified parties intend to join and the

18   intended time frame for such joinder:

19   None known at this time.

20   7.   The following parties consent to assignment of this case to a United States Magistrate

21   Judge for *[court or jury]* trial:

22   None at this time.

23   **ALTERNATIVE DISPUTED RESOLUTION**

24   8.   *[please indicate the appropriate response(s).]*

25   ☐   The case was automatically assigned to Nonbinding Arbitration at filling and will be ready

26   for the hearing by *(date)* _____.

27   ☐   The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify*

28   *process)*: _____.

-4-

☒   The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for  To be Scheduled .

☐   The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the parties jointly request _____.

9.   Please indicate any other information regarding ADR process or deadline.

None.   **DISCLOSURES**

10.   The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computation and insurance agreements]*:

Plaintiff served her Initial Disclosures on April 2, 2007.  The Defendant shall serve his Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) by April 20, 2007.

**DISCOVERY**

11.   The parties agree to the following discovery plan *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

a.   The Defendant shall serve by April 20, 2007, the information required by Fed. R. Civ. P. 26(a)(1).

h.   All discovery shall commenced or served in time to be completed by December 31, 2007.

i.   Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, are due from Plaintiff by September 15, 2007, and from Defendants by September 30, 2007.

j.   Supplementations under Fed. R. Civ. P. 26(e) due as necessary and as permitted by the Federal Rules of Civil Procedure.

k.   All potentially dispositive motions shall be filed by January 31, 2008.

l.   The Parties shall file final witness and exhibit disclosures under Fed. R. Civ. P. 26(a)(3) by January 15, 2008.

m.   The parties shall have 15 days after service of final lists of witnesses and exhibits to file their objections under Fed. R. Civ. P. 26(a)(3).

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER          Case No.  C07-00254-CRB

1

**TRIAL SCHEDULE**

2      12.     The parties request a trial date as follows:

3      Eight weeks after the dispositive motions or by March 31, 2008 if no motions are filed.

4      13.     The parties expect that the trial will last for the following number of days: 3 days.

5

6   Dated: April 13, 2007                        /s/ Fred W. Schwinn
                                                 Fred W. Schwinn, Esq.
7                                                Attorney for Plaintiff
                                                 MARIA MORALES
8

9   Dated: April 13, 2007                        /s/ June D. Coleman
                                                 June D. Coleman, Esq.
10                                               Attorney for Defendant
                                                 STEVEN A. BOOSKA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER          Case No.  C07-00254-CRB

1

**CASE MANAGEMENT ORDER**

2       The Case Management Statement and Proposed Order is hereby adopted by the Court as the

3   Case Management Order for the case and the parties are ordered to comply with this Order.  In

4   addition the Court orders:

5               *[The Court may wish to make additional orders, such as:*

6               *a.       Referral of the parties to court or private ADR process;*

7               *b.       Schedule a further Case Management Conference;*

8               *c.       Schedule the time and content of supplemental disclosures;*

9               *d.       Specially set motions;*

10              *e.       Impose limitations on disclosure of discovery;*

11              *f.        Set time for disclosure of identity, background and opinions of experts;*

12              *g.       Set deadlines for completing fact and expert discovery;*

13              *h.       Set time for parties to meet and confer regarding pretrial submissions;*

14              *I.        Set deadline for hearing motion directed to the merits of the case;*

15              *j.        Set deadline for submission of pretrial material;*

16              *k.       Set date and time for pretrial conference;*

17              *l.        Set a date and time for trail.]*

18

19   Dated: _____              _____

20                                                    UNITED STATES
                                                     DISTRICT/MAGISTRATE JUDGE

21

22

23

24

25

26

27

28